```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CONSIGLI & ASSOCIATES, LLC,                                 :
                                      Plaintiff,            :
                                                            :     20 Civ. 7712 (LGS)
              -against-                                     :
                                                            :     OPINION AND ORDER
                                                            :
MAPLEWOOD SENIOR LIVING, LLC,                               :
                                      Defendant.            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Consigli & Associates, LLC brings this action seeking damages against Defendant Maplewood Senior Living, LLC. The Supplemental Amended Complaint (the "Complaint") asserts claims for breach of contract, quantum meruit, negligent misrepresentation and wrongful termination. Defendant moves to dismiss the quantum meruit, negligent misrepresentation and wrongful termination claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss is granted in part and denied in part.

I.   BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

In 2016, Plaintiff entered a contract to construct an assisted living and memory care facility in New York City for OHI Asset (NY) 2nd Avenue, LLC, as owner, and Defendant, as owner's agent. The scope of work set forth in the plans and specifications for the contract omitted many elements that Plaintiff was required to perform. Plaintiff substantially completed the work under the contract, and Defendant took occupancy of the facility. Defendant refused to pay for a significant portion of that work.

Defendant knew that structures adjacent to the facility site were particularly susceptible to vibrational damage and that Plaintiff's work could cause damage to those structures. Defendant conducted a walk-through of those structures with consultants and directed those consultants not to memorialize their findings in writing or to share their knowledge with Plaintiff. Defendant's representatives did not disclose critical and relevant information that was necessary for Plaintiff to safely perform its work and avoid damage to adjacent structures. During Plaintiff's work, adjacent structures were damaged, and Plaintiff incurred costs related to those damages.

On February 9, 2021, Defendant issued a certificate of substantial completion in relation to the facility and stated that the owner accepts Plaintiff's work and will assume full possession. On March 23, 2021, Defendant terminated the contract.

## II.    STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotations omitted). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must

2

provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## III.  DISCUSSION

### A.  Quantum Meruit

"To recover in quantum meruit under New York law, a claimant must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services."[1] *Mid-Hudson Catsill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (internal quotation marks omitted); *accord Dubov v. Lewis*, No. 18 Civ. 3854, 2019 WL 1060652, at *4 (S.D.N.Y. Mar. 6, 2019).  Further, "when a valid contract governs the subject matter of a plaintiff's claims, a plaintiff may not recover in quasi contract; a quasi contract claim may only be brought 'in the absence of an express agreement.'" *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 464 F. Supp. 3d 634, 639 (S.D.N.Y. 2020) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987)).  At the pleading stage, a party can allege a breach of contract claim and a quantum meruit claim in the alternative if the party alleges that "the parties' contract was void or otherwise unenforceable." *Chartwell Therapeutics Licensing, LLC v. Citron Pharma LLC*, No. 16 Civ. 3181, 2020 WL 7042642, at *11 (E.D.N.Y. Nov. 30, 2020); *see PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20 Civ. 5649, 2021 WL 2582132, at *18 (S.D.N.Y. June 23, 2021) ("Unjust enrichment may

---

[1] Plaintiff's claims are reviewed under New York law because the parties rely on New York law in their memoranda of law.  *See Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) (applying New York law where the parties' memoranda of law assume that New York law governed the issues); *accord N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 485 F. Supp. 3d 398, 404 n.5 (S.D.N.Y. 2020).

be pled in the alternative to a contractual claim if there is a bona fide dispute concerning [the] existence of a contract or whether the contract covers the dispute in issue." (internal quotation marks omitted)).

The Complaint's allegations are insufficient to support a quantum meruit claim. In pleading quantum meruit in the alternative, the Complaint expressly denies that the contract is unenforceable. *See Chartwell*, 2020 WL 7042642, at *11-12 (dismissing quantum meruit claim brought under New York law where the complaint did not allege the contract at issue was unenforceable). The Complaint also fails to allege any facts to establish the nature of the work subject to the quantum meruit claim and how that work differs from the work subject to Plaintiff's breach of contract claims. *See Dubov*, 2019 WL 1060652, at *5 (dismissing quantum meruit claim brought under New York law where complaint provided "vague and conclusory allegations regarding what services [the party] provided").

Plaintiff cannot make arguments based on facts not in the Complaint. Plaintiff argues that there is a dispute as to the scope of the contract based on facts first provided in its memorandum of law. Those facts are not properly considered on a motion to dismiss. *See McCray v. Lee*, 963 F.3d 110, 119 (2d Cir. 2020) ("[C]onsideration of a motion under Rule 12(b)(6) is limited to the contents of the operative complaint and documents attached to it or incorporated into it by reference.").

For the foregoing reasons, Plaintiff's quantum meruit claim is dismissed.

B.  **Negligent Misrepresentation**

Plaintiff's negligent misrepresentation claim is dismissed because the Complaint's allegations are conclusory.[2]

The Complaint does not identify any specific misrepresentations. The Complaint refers broadly to "representations in the Contract documents and drilling parameters" that Plaintiff relied upon but does not provide any information about the substance or nature of those representations. Such allegations are insufficient. *See Xue v. Jensen*, No. 19 Civ. 1761, 2020 WL 6825676, at *11 (S.D.N.Y. Nov. 19, 2020) (dismissing negligent misrepresentation cause of action where allegations failed to provide any specific instances of alleged negligence); *Sheth v. N.Y. Life Ins. Co.*, 709 N.Y.S.2d 74, 75 (1st Dep't 2000) ("The purported misrepresentations relied upon by plaintiffs may not form the basis of a claim for fraudulent and/or negligent misrepresentation since they are conclusory . . . or are contradicted by the written agreement between the parties." (internal citations omitted)).

C.  **Wrongful Termination**

Defendant's argument that Plaintiff's wrongful termination claim should be dismissed for failure to allege entitlement to recoverable damages is misplaced. Under New York law, where a contract has been wrongfully terminated prior to completion, the non-terminating party is entitled to quantum meruit as a measure of damages. *Gemma Power Sys., LLC v. Exelon W. Medway II, LLC*, No. 19 Civ. 705, 2019 WL 3162088, at *11 (S.D.N.Y. July 1, 2019) (citing *MCK Bldg. Assocs. v. St. Lawrence Univ.*, 754 N.Y.S.2d 397 (2d Dep't 2003)). Defendant is

---

[2] Courts in this Circuit generally apply Rule 9(b) to negligent misrepresentation claims that sound in fraud. *See Green v. Covidien LP*, No. 18 Civ. 2939, 2021 WL 1198833, at *10 (S.D.N.Y. Mar. 30, 2021) (collecting cases). Here, the Complaint does not meet the lower pleading standard of Rule 8 and so necessarily fails to meet the higher pleading standard of Rule 9(b).

correct that the Contract specifies that, if a court finds a termination under Section 14.2.4 of the contract is without cause, then the termination is deemed a termination for convenience under Section 14.4.  But, Section 14.4 provides for damages in a manner consistent with quantum meruit.

Plaintiff's request for consequential damages on its wrongful termination claim is dismissed.  Defendant is correct that the parties mutually waived all claims for consequential damages in Section 15.1.6 of the contract.

Defendant's argument that the wrongful termination claim should be dismissed because it includes factual allegations related to conduct pre-dating termination of the contract is incorrect.  When Plaintiff sought leave to add a claim for wrongful termination, it was foreseeable that some conduct pre-dating the termination would be alleged to establish a basis for arguing the termination was wrongful.  Additionally, Defendant's request to strike those allegations is denied because the additional allegations are considered only insofar as they relate to the wrongful termination claim.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.  The Complaint's quantum meruit and negligent misrepresentation claims are dismissed, as is the demand for consequential damages on the wrongful termination claim.  The motion is otherwise denied as to the Complaint's wrongful termination claim.  The surviving claims are those asserting breach of contract and wrongful termination.

The Clerk of Court is respectfully directed to close the motion at Docket No. 54.

Dated:  July 29, 2021
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**