<a>
</a>



30 South Pearl Street, Suite 901
Albany, NY 12207-3492

p: 518-396-3100   f: 518-396-3101
hinckleyallen.com

**Luke R. Conrad**
July 29, 2021   lconrad@hinckleyallen.com

> Plaintiff's application is denied without prejudice to renewal subject to the condition that the parties meet and confer at least thirty minutes to discuss (1) whether the depositions are necessary and (2) what the scope of the depositions should be. Defendant's application (Dkt. No. 76) is also denied without prejudice to renewal. Neither party shall renew their applications until further depositions of key fact witnesses have taken place.
>
> The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 73 and 76.
>
> Dated: August 2, 2021
> New York, New York
>
> *[Signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Consigli & Associates, LLC f/k/a T.G. Nickel & Associates, LLC v. Maplewood Senior Living, LLC*
Civil Case No. 1:20-cv-07712 (LGS)

Dear Judge Schofield:

We represent Plaintiff Consigli & Associates, LLC (f/k/a T.G. Nickel & Associates, LLC) ("Consigli") in the above-referenced matter. We write pursuant to Rule III(A)(1) of Your Honor's Individual Rules and Procedures to respectfully request a pre-motion conference in connection with Consigli's proposed motion for a protective order regarding the deposition of Consigli's General Counsel, Todd DeSimone, Esq. and the proposed deposition of Consigli's CEO, Anthony Consigli. The parties have conferred on this issue, and are unable to reach an agreement.

As set forth below, Maplewood Senior Living, LLC's ("Maplewood") pursuit of depositions for Messrs. DeSimone and Consigli prior to undertaking eight (8) project-level witnesses contravenes: (1) established precedent disfavoring depositions of attorneys; and (2) the *apex* doctrine which disfavors the practice of taking an early CEO deposition in a contentious litigation without first demonstrating that the discovery is unavailable through other means or witnesses.

Consigli's request for a pre-motion conference must be considered in context. As of July 6, 2021, Consigli has produced 336,573 responsive documents (primarily emails), and granted Maplewood access to its project management software containing tens of thousands of other project-related documents.[1] Maplewood, to date, has produced only 2,467 documents although Maplewood produced a portion of its email production this morning, which Consigli in in the

---

[1] Maplewood will likely note that it did not receive the password to access Consigli's hard drive until July 9, 2021, which Consigli does not dispute.

Hon. Lorna Schofield
July 29, 2021
Page 2

process of uploading.² The delays in document production by Maplewood are *understandably* delaying the ability to press more substantive depositions, and Maplewood now argues that it may be unavailable to take or defend the early fact depositions. However, these delays cannot be rectified by seeking attorney and CEO depositions – this is improper and aimed solely for harassment.

### I. Deposition of Todd DeSimone, Esq., General Counsel

Maplewood seeks to depose Consigli's General Counsel, Todd DeSimone. The Second Circuit has repeatedly expressed disfavor for deposing of attorneys. *See United States v. Yonkers Board of Ed.*, 946 F.2d 180, 185 (2d Cir. 1991) ("depositions of opposing counsel are disfavored") (citation omitted). Courts have therefore quashed deposition notices to attorneys where they seek privileged information, or where any non-privileged information is readily available from other sources. *See Gragg v. Int'l Mgmt. Group*, 2007 WL 1074894, at *8-9 (N.D.N.Y. 2007) (denying plaintiff's request for leave to depose attorney); *State of N.Y. v. Solvent Chemical Co., Inc.*, 214 F.R.D. 106 (W.D.N.Y. 2003) (granting a protective order with respect to deposition notice to defendant's general counsel); *Stauber v. City of N.Y.*, 2004 WL 1013342 (S.D.N.Y. 2004) (granting protective order after analyzing "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted"; also considering the foregoing factors to determine whether interrogatories should be used in lieu of a deposition) (internal citations omitted).

Mr. DeSimone's involvement in the project was privileged in nature due to his role as General Counsel providing legal advice to the Project Team. To the extent he participated in any meetings or wrote letters that implicate non-privileged information, the information, letters, and meetings were attended and reviewed by Douglas Renna and/or Matt Burger, two Consigli executives, among other non-lawyer witnesses. In fact, Maplewood has served **eight** other deposition notices for Douglas Renna, Gordon Burrows, John Butler, John Homler, Matthew Burger, Paul Camerato, Paul Caradonna and Paul Nirenberg – all intimately involved in the Project and the subject matter to which Mr. DeSimone would be deposed.

There is no good faith reason to depose Mr. DeSimone other than to harass Consigli, and a protective order should be issued barring his deposition. In the alternative, if the court is inclined to grant Maplewood a deposition of Mr. DeSimone, Maplewood should be required to demonstrate what information that Mr. DeSimone has that cannot be garnered through non-lawyer witnesses.

### III. Deposition of Anthony Consigli, Chief Executive Officer

Maplewood noticed the deposition of Anthony Consigli for August 3, 2021. Both <u>before</u> and <u>after</u> receiving the notice, Consigli advised Maplewood as a threshold issue that Mr. Consigli and counsel for Consigli was unavailable to produce Mr. Consigli on that date – further,

---

² Maplewood produced several thousand other documents that appeared to be privileged. Consigli immediately alerted Maplewood of the same and those documents were deleted at Maplewood's request.

Hon. Lorna Schofield
July 29, 2021
Page 3

Maplewood should not be permitted to call him prior to any other witness in the entire case.[3]  In correspondence dated July 27, 2021, Maplewood's counsel advised of its position that it intends to take Mr. Consigli's deposition first, before other witnesses, and that "**[t]aking Mr. Consigli's deposition early on in the discovery period will allow Maplewood to better prepare for the remaining deposition and may even eliminate the need for certain additional depositions**."  Thus, Maplewood admits it would use Mr. Consigli in lieu of other witnesses; the apex doctrine requires that proposition be reversed, and Mr. Consigli only be deposed with a showing Maplewood cannot ascertain information otherwise.

      The apex witness doctrine prohibits a party from using executive-level depositions as a warm-up and/or to obviate the need to depose less senior project personnel.  *See Guzman v. News Corp.*, 2012 WL 2511436 (S.D.N.Y. 2012); *In re Ski Train Fire of Nov. 11, 2020 Kaprun Austria*, 2006 WL 1328259 (S.D.N.Y. 2006) ("Courts disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action.").  Indeed, the apex witness doctrine is intended to ensure the exact opposite – "to sequence discovery to prevent litigants from deposing high-ranking officials routinely before engaging in less burdensome discovery methods," preventing litigants from "attempt[ing] to use the discovery process to gain leverage over adversaries."  22 No. 8 Westlaw Journal Professional Liability 11 (citing *Alberto v. Toyota Motor Corp.*, 289 Mich. App. 328, 796 N.W.2d 490, 492 (2010)).

      Maplewood's admission that other witnesses are likely to have the same knowledge as Mr. Consigli alone warrants a protective order precluding his deposition.  In the spirt of cooperation, Consigli will agree to make Mr. Consigli available the later of September 1, 2021 or the conclusion of the remainder of Consigli's fact witnesses, <u>subject to Maplewood demonstrating that information sought is not available from other witnesses, and a limiting agreement by Maplewood on the scope of the deposition to those narrow issues</u>.

      Thank you for your consideration of this request.

      Respectfully submitted,

      HINCKLEY, ALLEN & SNYDER LLP

      *s/Luke R. Conrad*
      Luke R. Conrad

cc: All Counsel of Record (via ECF)

---

[3] In fact, in an attempt at cooperation Consigli offered to produce him on September 1, 2021 under a reservation of rights to dispute the deposition.