# McElroy Deutsch

225 Liberty Street
36th Floor
New York, NY 10281
**T:** 212.483.9490 | **F:** 212.483.9129
MDMC-LAW.COM

MICHAEL R. MORANO
(973) 425-4174
MMORANO@MDMC-LAW.COM

December 10, 2021

Defendant shall file a response to Federal's letter by **December 16, 2021**.

By ECF
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Dated: December 13, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

RE:     Consigli & Associates, LLC v. Maplewood Senior Living, LLC
        Case No. 20-cv-07712 (LGS)

Dear Judge Schofield:

We represent non-party Federal Insurance Company ("Federal"), the surety which issued surety bonds in relation to the construction project that is at issue in this litigation.  In accordance with Your Honor's Individual Rules and Procedures, please accept this letter as Federal's pre-motion letter pursuant to Rule 45(d)(3) to quash and/or modify the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") issued by defendant Maplewood Senior Living, LLC ("Maplewood"). Maplewood withdrew its request for a deposition, however, the Subpoena seeks Federal's production of, among other things, its underwriting file and agreements between Federal and persons and/or entities that are obligated to indemnify Federal should Federal incur losses, costs and/or expenses under certain surety bonds, including surety bonds that are wholly unrelated to the project at issue in this litigation.

Document Requests Nos. 2 and 7 of the Subpoena demand that Federal produce:

2. Any and all agreements by and between [Federal] and any indemnitors [of Consigli] under and Bonds, including without limitation, any Agreements of Indemnity, General Indemnity Agreements, Reaffirmation Agreements, and/or Workout Agreements.

7. [Federal's] complete underwriting file.

By agreement, Federal produced its written responses and objections on October 29, 2021 ("Responses"). By the Responses, Federal memorialized that it would not produce documents in response to the above requests as they are, among other things: (a) not relevant, (b) not reasonably calculated to lead to the discovery of admissible evidence, (c) improper requests for disclosure of proprietary, confidential and/or personal information, and (d) improper requests for

McElroy, Deutsch, Mulvaney & Carpenter, LLP
COLORADO   · CONNECTICUT   · DELAWARE   · FLORIDA   · MASSACHUSETTS   · NEW JERSEY   · NEW YORK   · PENNSYLVANIA   · RHODE ISLAND

# McElroy Deutsch

Hon. Lorna G. Schofield, U.S.D.J.
December 10, 2021
Page 2 of 3

post-judgment discovery. We have met and conferred with counsel for Maplewood regarding this dispute and, today, by agreement, Federal produced 14,978 pages in response to the Subpoena.

As an initial matter, although broad, discovery is not limitless, and the information sought must be relevant to a claim or defense. See, e.g., Fears v. Wilhelmina Model Agency, Inc., 2004 WL 719185, *1-2 (S.D.N.Y Apr. 1, 2004) (denying discovery where party failed to provide "any specific reason to believe that [opposing party] has relevant evidence"); Fed. R. Civ. P. 26(b)(1), *Advisory Committee Notes* at 158 (relevance is to be judged on the basis of the "claims and defenses", rather than the "subject matter", of the action). Where, as here, discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non-party. Fed. R. Civ. P. 45(c)(2)(B); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y.1996).

Documents sought by Requests Nos. 2 and 7 are not relevant, among other things, because, conspicuously missing from the instant action are allegations regarding: Federal's bonds; indemnity and indemnity-related agreements ("Indemnity Agreements") whereby certain parties, given the nature of suretyship, may have to reimburse Federal for losses; or Federal's underwriting process(es) for issuing surety bonds.  Further, Federal's underwriting file ("UW File") and Indemnity Agreements, if any, pertain to various other construction projects or other matters that are well outside the bounds of this case. As such, Federal, respectfully, should not be required to produce such irrelevant information and/or documentation.

Further, Rule 45(d)(3)(A)(iii) provides that a subpoena should be quashed if it requires the disclosure of privileged or other protected matter. See e.g., In re Subpoena to Nielsen Co. (US), LLC, 2020 WL 6130674, *1 (S.D.N.Y. Oct. 16, 2020)(citation omitted). Similarly, Rule 45(d)(3)(B)(i) provides that a district court may also decline to enforce a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. See e.g., City of Almaty, Kazakhstan v. Ablyazov, 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020)(citation omitted). For reasons herein, Federal the aforementioned requests in the Subpoena should be quashed.

The subject documents must also be protected from disclosure because they contain confidential and proprietary business information which, if disclosed, would cause immediate harm. See, e.g., In re: Am. Med. Sys., Inc., 2016 WL 3077904, at *2 (S.D.W. Va. May 31, 2016) (holding that "confidential commercial information" within meaning of Rule 26(c) includes "important proprietary information that provides the business entity with a financial or competitive advantage"); see also Closed Joint Stock Co. "CTC Network" v. Actava TV, Inc., 2016 WL 1364942, *4 (S.D.N.Y. Mar. 28, 2016) (citations omitted) ("Internal documents . . . that contain non-public strategies and financial information constitutes 'confidential commercial information' under Federal Rule 26(c)(1)(G), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors."); Uniroyal Chem. Co. Inc. v. Syngenta Crop Prot., 224 F.R.D. 53, 57 (D. Conn.

# McElroy Deutsch

Hon. Lorna G. Schofield, U.S.D.J.
December 10, 2021
Page 3 of 3

2004)("Pricing and marketing information are widely held to be confidential business information that may be subject to a protective order."); Tonnemacher v. Sasak, 155 F.R.D. 193, 195 (D.Ariz. 1994)("[I]nternal manuals are highly confidential and constitute proprietary trade secrets."). Information/documentation in an underwriting file, and agreements concerning reimbursement obligations due to the nature of suretyship, are confidential and proprietary. Sureties do not share this information with outsiders, particularly since, if it did, it could face a financial, competitive or other disadvantage.

Moreover, Maplewood's subject document requests are an improper attempt to seek post-judgment discovery. Given the nature of suretyship, information/documentation in an underwriting file, and indemnity agreements in favor of a surety, typically bear upon an entity/entities' financial condition, assets, bank accounts, and a host of other sensitive, confidential information. Indeed, discovery of an adverse party's assets and financial information generally is not permitted during the course of litigation unless such discovery involves the specific elements of a claim at issue in the case. See, e.g., Sequa Corporation v. Gelmin, 1995 WL 404726, *2 (S.D.N.Y. July 7, 1995); Evans v. Calise, 1994 WL 185696, * 2 (S.D.N.Y. May 12, 1994) (information regarding a party's wealth not reasonably calculated to lead to discovery of admissible evidence on any claim or defense). The instant requests improperly seek post-judgment discovery.[1]

Please note that we will continue to try to meet and confer with counsel for Maplewood regarding the issues that we have regarding the Subpoena. Should your Honor have any questions we, of course, are available at Your Honor's convenience.  Thank you.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*/s/ Michael R. Morano*

Michael R. Morano

cc: All counsel of record (via ECF)

---

[1] The types of documents sought by Document Requests Nos. 2 and/or 7 are usually only discoverable if the following are at issue: (1) questions regarding the risks associated with an insurance-related product, (2) how the surety interpreted the relevant policy terms, and (3) whether those terms are ambiguous. See, e.g., Virtu Fin. Inc. v. Axis Ins. Co., 2021 WL 3862857, *2-3 (S.D.N.Y. Aug. 30, 2021)(dealing with underwriting files in insurance context); Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 702)(S.D.Fla. Dec. 11, 2007)(underwriting files irrelevant to determination of coverage and breach of contract claim and are "only discoverable when the contract terms are ambiguous"). Absent from this case are questions regarding the risks, if any, that Federal has undertaken, interpretation of Federal's surety bonds, or whether bonds are ambiguous.