Maplewood's motion to compel is DENIED IN PART.  Maplewood's request number 5 is denied because Maplewood previously represented to the Court that "no additional discovery need be conducted with regards to the new allegations" in reference to its proposed amendment, dkt. no. 122.  Because the parties mutually agreed not to prepare privilege logs, the Court declines to order the parties to do so on the last day of discovery.  Maplewood has unduly delayed making this request.  Consigli shall file a response not to exceed five pages to the remainder of Maplewood's letter by **March 8, 2022**.  The letter shall state whether Maplewood has requested documents for any request in a previous letter to the Court and whether there are any outstanding documents to be produced in relation to each request other than request number 5.

Dated:  March 7, 2022
New York, New York

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

    Re:    *Consigli & Associates, LLC f/k/a T.G. Nickel & Associates, LLC v. Maplewood Senior Living, LLC*, **1:20-cv-07712 (LGS)**

Dear Judge Schofield:

       This firm represents defendant/counterclaim plaintiff Maplewood Senior Living, LLC ("Maplewood") in the above action. We write pursuant to Rule III(A)(1) of Your Honor's Individual Rules and Procedures to respectfully request a pre-motion conference in connection with Maplewood's proposed motion to compel plaintiff/counterclaim defendant Consigli & Associates, LLC f/k/a T.G. Nickel & Associates, LLC ("Consigli") to produce certain crucial categories of documents which Maplewood has sought from Consigli during the course of discovery, to no avail. As set forth below, the parties have met and conferred numerous times regarding Consigli's outstanding discovery obligations, necessitating involvement of the Court.

       Despite the fact that Maplewood's First Request for Production of Documents to Consigli was served almost one year ago, and the fact that the parties have engaged in multiple meet and confers regarding deficiencies in Consigli's document production since that time, to date, Consigli has failed to produce certain critical documents to Maplewood. The aforementioned meet and confers occurred on September 29, 2021; January 3, 2022; and February 4, 2022. Moreover, Consigli's repeated insistence that Maplewood obtain backup documents from the online database, Procore, is in bad faith considering Consigli removed Maplewood's access to Procore months ago and have not responded to Maplewood's emails requesting reinstatement of same.

       At each of the aforementioned meet and confers, Maplewood has continued to reiterate its demands for the following categories of documents, which have yet to be produced, or, upon information and belief, have yet to be produced in full, by Consigli:

       1.    Agreements between T.G. Nickel and Consigli, and communications relating to the acquisition, purchase, or merger with T.G. Nickel, which Consigli has refused to produce. During the course of the construction project, T.G. Nickel & Associates, LLC changed its name to Consigli

Hon. Lorna Schofield
March 4, 2022
Page 2

& Associates, LLC. When the name change occurred, Consigli employees and managers were reassigned to different roles. As set forth in Maplewood's Counterclaim against Consigli (ECF No. 81), Maplewood assessed liquidated damages against Consigli due to, in part, Consigli's failure to maintain the continual presence of members of its project management team on the project site. As Maplewood sustained damages as a result of such failure, Maplewood is entitled to discovery surrounding Consigli's name change, which transition appears to have been associated with changes to its staffing.

      3. Communications with Consigli's surety. Consigli withheld all communications with its surety, including all emails between Consigli's counsel and Consigli's surety's counsel. It is hard to believe that every single communication between Consigli and its surety, which appeared in Consigli's search, was privileged. Notably, Consigli has failed to articulate its basis for withholding these documents in writing. As such, Maplewood requests that Consigli be compelled to produce the aforementioned communications, to the extent they are not protected as privileged, or be compelled to produce a privilege log enabling Maplewood to assess Consigli's claims of privilege. While the parties agreed, in the Stipulated Order Establishing ESI Protocol, Clawback/Non-Waiver Agreement, and Confidentiality Agreement dated June 1, 2021, not to exchange privilege logs for documents withheld for attorney-client privilege or under the work product doctrine, it does not appear that such privileges would apply to all communications at issue in this request. Further, as Consigli is withholding an entire category of documents, wrongfully, in our opinion, Consigli should be required to present the basis of its claims.

      4. Non-privileged emails on which Todd DeSimone, Consigli's General Counsel, was the author, recipient, or was copied on the communication, and a privilege log describing any emails withheld on the basis of privilege. Similar to communications with Consigli's surety, Consigli withheld all communications on which Todd DeSimone was copied. Accordingly, Maplewood requests that Consigli be compelled to produce the aforementioned communications, to the extent they are not protected as privileged, or be compelled to produce a privilege log enabling Maplewood to assess Consigli's claims of privilege.

      5. Subcontractor Default Insurance ("SDI") premium accounting and credits received by Consigli, and Contractor Controlled Insurance Program ("CCIP") credits received by Consigli. As set forth in Maplewood's pre-motion letter dated February 15, 2022, seeking leave to file a motion to amend Maplewood's Counterclaim, which was granted by this Court on February 25, 2022 (ECF No. 132), Maplewood recently discovered that Consigli fraudulently marked up the cost of its CCIP and its SDI. The requested documents and information are highly relevant and directly related to Maplewood's fraud claims against Consigli.

      6. Indemnity-related agreements by and between Consigli and its surety. The takeover agreement with Consigli's surety references "indemnity-related agreements" between the surety and Consigli. Maplewood has requested that Consigli produce the referenced indemnity-related agreements, but no such production has been made.

      7. Backup for all items set forth in Consigli's Job Cost Report, previous drafts of the Job Cost Report, Job Cost Report printed as of certain dates, and Job Cost Report in native format.

Hon. Lorna Schofield
March 4, 2022
Page 3

As set forth in Maplewood's letter to the Court dated February 24, 2022 (ECF No. 130), during the course of discovery in this matter, Consigli produced a Job Cost Report, consisting of a summary of costs incurred by Consigli on the construction project, without any backup documentation to support such costs. More importantly, in the last 30 days Consigli amended its initial disclosures completely modifying the amounts and methodology for its damages calculations, which is now apparently based upon Consigli's actual costs for constructing the Project. Although it is difficult to understand how Consigli could recover such damages given the Contract's provisions, without such backup documentation, Maplewood is unable to assess the alleged costs incurred by Consigli, as set forth in the Job Cost Report. Notably, neither of Consigli's corporate designees, Matthew Burger or Douglas Renna, were able to testify as to how labor rates in the Job Cost Report were calculated, or the origin of any of the other information in the Job Cost Report. Further, as the Court is aware, Consigli recently sought to compel Maplewood to produce backup documentation in support of its Damages Summary produced to Consigli (consisting of a summary similar to Consigli's Job Cost Report). As Maplewood was required to produce backup documents in support of its Damages Analysis, Consigli should similarly be required to produce documents in support of its Job Cost Report. Maplewood has also requested a 30(b)6 witness, pursuant to a validly issued Notice of Deposition, on these issues, but Consigli has refused to comply.

In addition to the above, Maplewood has requested that Consigli confirm whether or not it is withholding any documents based upon claimed "joint defense". During the meet and confer held between counsel on February 4, 2022, Consigli's counsel indicated that it would provide us with an answer in writing. However, such answer has not yet been provided. Further, Maplewood requests confirmation that Consigli has produced all subcontracts, change order requests, and notice letters in its possession from subcontractors on the project.

Accordingly, Maplewood respectfully requests that Consigli be compelled to disclose the outstanding critical categories of documents, and respond to Maplewood's outstanding requests for information, as set forth above.

Respectfully submitted,

**DEFENDANT MAPLEWOOD SENIOR LIVING, LLC**

*/s/ Peter E. Strniste, Jr.*
Peter E. Strniste, Jr.
Gordon & Rees Scully Mansukhani
One Battery Park Plaza, 28th Fl.
New York, NY 10004
Telephone: 212-453-0730
pstrniste@grsm.com