```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CONSIGLI & ASSOCIATES, LLC,                                 :
                              Plaintiff,                    :
                                                            :       20 Civ. 7712 (LGS)
              -against-                                     :
                                                            :            ORDER
MAPLEWOOD SENIOR LIVING, LLC,                               :
                              Defendant.                    :
------------------------------------------------------------:
                                                            X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Maplewood Senior Living, LLC ("Maplewood") filed a letter on February 26, 2022 (Dkt. No. 133), seeking a pre-motion conference for a motion for sanctions against non-party Federal Insurance Company ("Federal") for failure to comply with Maplewood's subpoena duces tecum and the Court's Order dated December 17, 2021 (Dkt. No. 108, the "December 17 Order"), denying in part Federal's motion to quash;

WHEREAS, Federal responded on March 2, 2022, (Dkt. No. 144) stating that it had complied with the December 17 Order, and Maplewood filed a follow-up letter on March 2, 2022, (Dkt. No. 140) raising purported deficiencies with Federal's compliance;

WHEREAS, an Order dated May 3, 2022, (Dkt. No. 148) required Maplewood and Federal to file a joint letter outlining their positions on any outstanding issues, required Federal to produce a complete privilege log by March 9, 2022, and permitted Maplewood to request ex parte review of a limited sample of withheld documents by March 11, 2022;

WHEREAS, by letter dated March 11, 2022, (Dkt. No. 173) Maplewood requested that 15 documents identified on Federal's privilege log dated March 9, 2022, be submitted to the Court for ex parte review;

WHEREAS, an Order dated March 14, 2022, (Dkt. No. 176) required Federal to email

those documents to the Court and publicly file a letter explaining the basis for withholding each document by March 17, 2022;

WHEREAS, Maplewood filed a letter on March 15, 2022, (Dkt. No. 177) stating that Federal either already had produced or would produce 14 of the 15 documents identified by Maplewood;

WHEREAS, an Order dated March 15, 2022 (Dkt. No. 178), required Federal to review each document on its privilege log and produce any non-privileged documents as well as a revised privilege log by March 21, 2022, required Maplewood to file another letter proposing up to 15 documents identified on Federal's privilege log for ex parte review by March 23, 2022, and required Federal to email those documents to the court and publicly file a letter explaining the basis for withholding each document by March 25, 2022, and cautioning Federal that if documents were not properly withheld as privileged, sanctions were likely;

WHEREAS, Maplewood filed a letter on March 23, 2022 (Dkt. No. 182), identifying 15 documents for ex parte review, and raising several other issues with Federal's productions and privilege logs, including (1) that Federal's supplemental productions on March 21 and 22, 2022, apparently included many documents that were not related to the privilege review required by the Order at Dkt. No. 178, (2) that documents were identified on Federal's Redaction Log but not produced to Maplewood, and (3) that documents were produced to Maplewood with redactions but not identified on Federal's Redaction Log;

WHEREAS, Federal filed a letter on March 25, 2022 (Dkt. No. 183), explaining the basis for withholding or redacting each of the documents identified by Maplewood, or explaining that the documents had actually been produced but were inadvertently listed on a privilege log, but not responding to the other issues raised by Maplewood's letter at Dkt. No. 182;

2

WHEREAS, the Court finds that the attorney-client privilege and attorney work product doctrine were properly asserted with respect to each of the documents subject to in camera review that Federal has not already produced in full under a different Bates number. It is hereby

**ORDERED** that no sanctions will issue at this time on the ground that Federal has improperly claimed attorney-client privilege or attorney work product protection, and no further documents that previously were withheld need be produced. It is further

**ORDERED** that Federal shall file a letter by **April 1, 2022**, responding to each of the outstanding issues raised by Maplewood's letter at Dkt. No. 182 and stating why sanctions should not issue for Federal's apparent repeated failure to produce documents it concedes must be produced, failure to log all documents that it redacted or withheld, and erroneous inclusion of documents on its privilege logs creating confusion over the scope of their privilege claims. It is further

**ORDERED** that Federal shall review its privilege and redaction logs and, if necessary, serve amended logs by **April 6, 2022**, removing or appropriately identifying all entries for documents that have already been produced and addressing the other issues raised in Maplewood's letter at Dkt. No. 182.

Dated: March 30, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**