# McElroy Deutsch

225 Liberty Street
36th Floor
New York, NY 10281
**T:** 212.483.9490 | **F:** 212.483.9129
MDMC-LAW.COM

---

MICHAEL R. MORANO
(973) 425-4174
MMORANO@MDMC-LAW.COM

March 14, 2023

By ECF
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> By **March 20, 2023**, Defendant shall file a reply to both Consigli's and Federal's letters that shall not exceed five pages.
>
> So Ordered.
>
> Dated: March 15, 2023
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

RE:   Consigli & Associates, LLC v. Maplewood Senior Living, LLC
      Case No. 20-cv-07712 (LGS)

Dear Judge Schofield:

We represent non-party, Federal Insurance Company ("Federal"), in the above-referenced matter. Please accept this letter as Federal's response to Your Honor's Order (ECF No. 271), directing Federal to respond to defendant, Maplewood Senior Living, LLC's ("Maplewood") March 8, 2023, letter to the Court (ECF No. 270, "March 8 Letter"). The March 8 Letter requested a pre-motion conference regarding Maplewood's proposed motion to compel Federal to produce certain documents in response to the Subpoena ("Motion to Compel"). The Motion to Compel focuses on two categories: documents regarding premiums for certain surety bonds issued by Federal, and documents that Federal redacted. In addition, please accept this letter to respectfully request a pre-motion discovery conference in connection with Federal's proposed motion for a protective order ("Motion for Protective Order"), pursuant to Rule 26. As set forth below, the Court should, respectfully, deny Maplewood's Motion to Compel and grant Federal's Motion for Protective Order.

Premium-Related Discovery

Based on Federal's understanding, and the positions expressed in plaintiff, Consigli & Associates, LLC f/k/a T.G. Nickel & Associates, LLC's ("Consigli"), letter of today's date (ECF No. 274), it appears that the premium-related documents sought by Maplewood relate to Maplewood's now dismissed fraud claim. See this Court's Opinion and Order dated February 2, 2023 (ECF No. 262) (the "Opinion and Order"). Therefore, any such documents are no longer relevant in this litigation. See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u> and proportional to the needs of the case, considering the importance of <u>the issues at stake in the action</u>, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

# McElroy Deutsch

Hon. Lorna G. Schofield, U.S.D.J.
March 14, 2023
Page 2 of 3

importance of the discovery in resolving the issues …") (emphasis added). Further discovery pertaining to Maplewood's dismissed fraud claim should be precluded.

In addition, the Motion to Compel requests the Court to compel Federal to perform a "true-up" regarding premiums and create documents that do not currently exist. These requests have no basis in law and should be rejected. See e.g., Woodward v. Holtzman, No. 16-CV-1023A(F), 2018 WL 5112406, at *6 (W.D.N.Y. Oct. 18, 2018) ("a requested party has no obligation to create a document that does not exist"); Purcell v. City of New York, No. 18-CV-3979 (PKC), 2021 WL 9353022, at *1 (E.D.N.Y. July 8, 2021) ("subpoenaed entities cannot be compelled to produce documents that do not exist or that are not in their custody, possession or control"); U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC, No. 18-CV-4044 (BCM), 2021 WL 3024824, at *2 (S.D.N.Y. July 16, 2021) ("The Court cannot compel the production of documents that do not exist.").

Relevance Redactions

Maplewood demands that Federal re-review its entire production and remove all relevance redactions (except for redactions related to other projects). Although Federal has consistently refused the demand to re-review its entire production, Federal has advised Maplewood that it would address requests related to specific documents. Federal has responded to requests related to specific documents on a good-faith basis.

For example, on March 3, 2023, Maplewood sent an e-mail for the first time identifying twenty-nine documents and requested that these documents be produced without redaction. We met and conferred on March 9, 2023 (albeit after the March 8 Letter). Thereafter, Federal produced twelve of the subject twenty-nine documents without redaction. In addition, Federal, in writing, designated thirteen of the twenty-nine documents as privileged (and Federal has updated the Privilege Log accordingly).

The remaining four documents (Federal017077, Federal017079, Federal017084 and Federal017086, which are the same redacted e-mail strain) contain information that is confidential, sensitive and proprietary to both Federal and Consigli in that they reveal profit and billing related information. These subject documents were not withheld in their entirety; rather, Federal made minor redactions that focused purely on the information that is confidential, sensitive and proprietary.

Further, it is our position that the subject information is not relevant based on the Court's ruling that the Contract between Consigli and Maplewood required "stipulated" or "agreed-upon rate[s]" See Opinion and Order at p. 29. Notwithstanding a confidentiality agreement, Federal should not be forced to produce documents containing sensitive and confidential information which has no relation to the remaining claims in the litigation. See, e.g., In re Golden Unicorn Enters., No. 1:21-cv-07059-JMF, 2023 U.S. Dist. LEXIS 6035 (S.D.N.Y. Jan. 9, 2023) ("Courts

# McElroy Deutsch

Hon. Lorna G. Schofield, U.S.D.J.
March 14, 2023
Page 3 of 3

commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." (citing Kewazinga Corp. v. Microsoft Corp., No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *3 (S.D.N.Y. Mar. 31, 2021)); see also, Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting Skyline's leave to file exhibits consisting "largely of 'highly confidential sales information, including pricing information,' which is not available to the public, and emails revealing confidential negotiations between Skyline and one of its customers").

Moreover, during the March 9th meet-and-confer, counsel for Maplewood stated that they had not yet reviewed all of the documents produced by Federal, most of which were produced nearly one year ago. While Federal acknowledges an ongoing obligation to supplement discovery responses, we believe that Maplewood's representation to this Court that Federal's production is (allegedly) deficient is, among other things, unwarranted where, as here, the bulk of the subject documents were produced (but not reviewed by Maplewood) roughly one year ago. It is respectfully submitted that the Motion to Compel is designed to harass and burden Consigli's surety which, again, is not a party to this litigation.

The instant discovery dispute regarding "relevance redactions" and the parties' well-entrenched positions is not new and has existed for nearly one year -- Maplewood demanded a re-review of the entire production, whereas Federal refused but offered to address *specific documents* as concerns were presented.  It was not until the eve of the expiration of fact discovery, and after this Court has decided the parties' cross-motions for summary judgment, does Maplewood now ask this Court to require, non-party, Federal, to re-do its document production.

Respectfully, this Court should not give Maplewood a second bite at the apple or otherwise permit Maplewood to abuse the discovery process.  The Motion to Compel should be denied and the Motion for a Protective Order should be granted.

Should Your Honor have any questions we, of course, are available at Your Honor's convenience.  Thank you.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

*/s/ Michael R. Morano*

Michael R. Morano

cc:     All Counsel of Record via ECF