UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                 :
CONSIGLI & ASSOCIATES, LLC,      :
                      Plaintiff,    :
                                 :       20 Civ. 7712 (LGS)
     -against-               :
                                 :           <u>ORDER</u>
MAPLEWOOD SENIOR LIVING, LLC,  :
                    Defendant.  :
                                 :
-------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, in the Opinion and Order at Dkt. No. 262 entered on February 8, 2023 (the

"Summary Judgment Opinion"), the motion for summary judgment filed by Defendant

Maplewood Senior Living, LLC ("MSL") was granted in part and denied in part.

      WHEREAS, on February 22, 2023, MSL moved for reconsideration of many of the

issues on which its motion for summary judgment was denied.

      WHEREAS, "[a] party may move for reconsideration and obtain relief only when the

party identifies an intervening change of controlling law, the availability of new evidence, or the

need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d

155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and

reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked -- matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).

"Further, a party is 'barred from making for the first time in a motion for reconsideration an

argument it could readily have raised when the underlying issue was being briefed but chose not

to do so.'" *Navigators Ins. Co. v. Goyard, Inc.*, No. 20 Civ. 6609, 2022 WL 3568238, at *1 (S.D.N.Y. Aug. 19, 2022).

WHEREAS, MSL's arguments on each of the individual Change Requests ("CR") and other issues on which it seeks reconsideration are unpersuasive for the following reasons:

- MSL's argument that CR-553r1 was subject to General Conditions § 7.1.4.1, because it references design changes, was not "overlooked" but was expressly considered and rejected in the Summary Judgement Opinion and is unpersuasive;

- MSL's argument that Thornton Tomasetti ("TT") was an "Engineer," in the meaning of the parties' agreement, was expressly considered and rejected, and MSL is precluded from offering new evidence to the contrary in support of this motion;

- MSL's argument that two "self-serving declarations" are insufficient to raise a triable issue of fact is incorrect, *see Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 51 (2d Cir. 2022) ("Indeed, to hold that the nonmovant's allegations of fact are (because 'self-serving') insufficient to fend off a motion to compel arbitration would be to thrust the courts -- at an inappropriate stage -- into an adjudication of the merits." (cleaned up));

- MSL's argument that Consigli relies upon a purported oral modification agreement that is precluded by the parties' contract was expressly considered and rejected;

- MSL's argument that its written authorization to proceed with work could not have applied to later work claimed, for example, by CR-471 and CR-553r1, was expressly considered and rejected;

- To the extent MSL's prior motion papers can be construed to raise an argument about when the 30-day clock started running under General Conditions § 15.1.2 for CR-450, that argument was expressly considered and rejected;

- MSL's arguments about the timeliness with which Consigli was able to quantify the probable impact of COVID-19 and of Consigli's ongoing design changes were expressly considered and rejected;

- MSL's argument that CRs related to continuing delays -- including CR-553r1 -- must "relate back" to an original, "timely" CR was not raised in MSL's briefing on its original motion and in any event has no basis in the contract;

- MSL's argument that CR-144 and CR-689 are barred by Change Orders ("COs") -- because they relate to Addendum 6 and the parties executed COs related to some aspects of Addendum 6 -- was expressly considered and rejected, and it is unpersuasive, notwithstanding the language of CR-144 quoted by MSL;

- To the extent they were raised in MSL's briefing of its original motion, MSL's arguments about purported waiver via the "Contractor's Affidavit" were expressly considered and rejected, not overlooked, and Defendant cannot raise new policy-based arguments against that conclusion in a motion for reconsideration.

WHEREAS, the Court has considered MSL's other arguments, and they do not meet the standard stated above for reconsideration.  It is hereby

**ORDERED** that MSL's motion is denied.

The Clerk of Court is respectfully directed to close the motion at Docket Number 264.

Dated: March 20, 2023
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3